UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**EUNICE DARLENE FLOYD,**

        **Plaintiff,**

v.                                                                             Case No:  6:13-cv-655-Orl-41DAB

**NORTHEAST FLORIDA HEALTH SERVICES, INC.,**

        **Defendant.**
_____/

**ORDER**

This cause came before the Court on Defendant's Motion for Summary Judgment filed on December 9, 2013. (Doc. 36). On July 1, 2014, the United States Magistrate filed a Report and Recommendation. (Doc. 45). Procedurally, the United States Magistrate Judge recommends that Defendant's motion be granted on Plaintiff's failure to file a timely claim. (*Id.* at 15-18). Substantively, the United States Magistrate Judge recommends that Defendant's Motion be granted as to the merits of Plaintiff's claims of disparate treatment, hostile environment, and retaliation based on race discrimination as articulated in the Report and Recommendation. (*Id.* at 18-36).

On August 4, 2014, Plaintiff filed an Objection to the Report and Recommendation. (Doc. 51). Plaintiff objects generally, to the Magistrate Judge's failure to give Plaintiff's pleadings sufficient leniency based on her status as a *pro se* litigant, the incorporation of Defendant's "undisputed facts," (Def.'s Mot. for Summ. J., Doc. 36 at 3-12), into the Report and Recommendation, and the Magistrate Judge's failure to consider all evidence that Plaintiff

submitted to include the submitted conclusions of law. (Pl.'s Objection, Doc. 51 at 1-12). On August 14, 2014, Defendant filed a response. (Doc. 52).

After an independent *de novo* review of the record in this matter, the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation. First, to specifically address Plaintiff's objections, the Court exercised some leniency in declining to strike improper pleadings and evidence and in continually extending deadlines. (Order on Def.'s Mot. to Strike, Doc. 43; Order on Pl.'s Mots. to Extend Time to File Objections, Doc. 50). Although a *pro se* litigant is entitled to a liberal interpretation of filed pleadings, *pro se* status does not entitle Plaintiff to a trial if there is a manifest failure to meet a burden under the summary judgment standard. *Holifield v. Reno*, 115 F.3d 1555, 1561 (11th Cir. 1997) ("[A]lthough the plaintiff's complaint is entitled to a less strict interpretation, the plaintiff must still meet the essential burden of establishing that there is a genuine issue as to a fact material to [her] case."); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990) ("[A] *pro se* litigant does not escape the essential burden under summary judgment standards."). While the Court considered Plaintiff's pleadings and liberally construed the allegations contained therein, Plaintiff's allegations do not meet the burden necessary to overcome summary judgment.

Second, the Magistrate Judge properly considered Plaintiff's evidence, including Plaintiff's untimely response to Defendant's motion for summary judgment and the evidence attached thereto. (Order on Def.'s Mot. to Strike, Doc. 43). This Court considered and construed the evidence in the light most favorable to Plaintiff. Plaintiff's objection does not offer proper evidence to contradict Plaintiff's own deposition testimony or the declarations and testimony of other witnesses. To the extent that any facts could be disputed, those facts are immaterial to the

determination of Plaintiff's cause of action because those facts do not have a bearing on any element necessary to proving Plaintiff's claims.

Again, this Court conducted an independent *de novo* of the record and considered the applicable legal authority. Plaintiff's claims are both procedurally barred and substantively deficient.

The Report and Recommendation is hereby **ADOPTED** and **CONFIRMED** and incorporated into this Order. There is no genuine dispute as to any material fact and Defendant is entitled to judgment as a matter of law.

**ORDERED** and **ADJUDGED**, that Defendant's Motion for Summary Judgment is **GRANTED.** The Clerk is hereby directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on August 19, 2014.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties