**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**EUNICE DARLENE FLOYD,**

         **Plaintiff,**

**-vs-**                                                  **Case No. 6:13-cv-655-Orl-41DAB**

**NORTHEAST FLORIDA HEALTH
SERVICES, INC.,**

         **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

     This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL (Doc. 56)**
>
> **FILED:**      **September 29, 2014**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

     In this employment discrimination suit, Judge Mendoza granted summary judgment for procedural reasons to Defendant Northeast Florida Health Services, Inc. on Plaintiff's Title VII claim. Doc. 53; Doc. 45. Plaintiff now moves to proceed *in forma pauperis* on appeal of the dismissal. Doc. 56. An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). It is respectfully **RECOMMENDED** that the District Court certify that the appeal in this case is not taken in good faith.

     On April 23, 2013, Plaintiff filed her federal Complaint in this Court, alleging race discrimination, harassment, and retaliatory termination in violation of Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). Doc. 1. Specifically, Plaintiff, who is white, alleged that she was terminated after being denied assistance with her work on the basis of her race[1]. Doc. 1. In adopting this Court's Report and Recommendation that summary judgment should be granted, Judge Mendoza found that Plaintiff's claims were substantively deficient because, even though the Court had considered Plaintiff's pleadings and liberally construed the allegations contained therein, Plaintiff's allegations did not meet the burden necessary to overcome summary judgment. Doc. 53.

Judge Mendoza also found that Plaintiff's claims were procedurally barred because she had indisputably failed to timely file her claims within 90 days of receiving her EEOC Right-To-Sue-Notice. Doc. 53. On January 22, 2013, Plaintiff received a Right-to-Sue Notice from the EEOC, enabling her to pursue Title VII claims in the district court. Doc. 45. However, Plaintiff did not file the Complaint until April 23, 2013, which she conceded was 91 days after she received the Right-To-Sue Notice and not within the 90-day statutory window under Title VII. 42 U.S.C. § 2000e–5(f)(1) (a plaintiff must bring suit within 90 days of receiving a right-to-sue letter from the EEOC). Plaintiff had argued that her claims were not time-barred because she was entitled to three extra days for mailing under Federal Rule of Civil Procedure 6(d)[2], based on her interpretation of an inapposite case.

However, in clear Eleventh Circuit case law directly on point, *Norris v. Florida Department of Health & Rehabilitative Services*, 730 F.2d 682 (11th Cir. 1984), the court held that, since the ninety-day time period for filing an employment discrimination complaint commences upon receipt

---

[1]On July 11, 2013, Plaintiff filed an Amended Complaint, alleging (1) race discrimination, (2) harassment by members of management, and (3) retaliatory termination. Doc. 23.

[2]Federal Rule of Civil Procedure 6(d) provides, "when a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d).

and not upon mailing of the right-to-sue notice, the rule which provides for additional time after service by mail did not apply. *Id.* at 683; *cf. Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005) (ADEA claims filed more than ninety days after limitations period began to run were untimely). Other cases in the Middle District have also reached the same conclusion and found claims untimely. *See Metz v. Home Depot, U.S.A., Inc.*, No. 8:06-cv-394-T-TGW, 2007 WL 3231795, *5 (M.D. Fla. Oct. 30, 2007) (ninety-day limitations period commenced when the plaintiff received notice of the right to sue at mailing address); *Blocker v. AT&T Technology Systems*, 666 F. Supp. 209, 213 (M.D. Fla. 1987) (holding Title VII race discrimination claims filed ninety-four days after receipt of right-to-sue letter were untimely).

Plaintiff did not dispute she received the Right-To-Sue Notice on January 22, 2013, seven days after the Right-To-Sue Notice was mailed (and including the Martin Luther King holiday). Plaintiff also did not dispute that she filed her lawsuit on April 23, 2013, 91 days after she received the Right-To-Sue Notice. Pursuant to Eleventh Circuit precedent, Plaintiff's claims were clearly barred. *See Norris*, 730 F.2d 683. Accordingly, Plaintiff's appeal from Judge Mendoza's Order is not taken in good faith in light of the procedural bar of Plaintiff's claims, and Plaintiff's application to proceed *in forma pauperis* on appeal should be **DENIED**. *See* 28 U.S.C. § 1915(a)(3). It is respectfully **RECOMMENDED** that **the District Court certify that the appeal in this case is not taken in good faith**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 2, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

-4-

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy