UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**EUNICE DARLENE FLOYD,**

    **Plaintiff,**

v.                                                  Case No: 6:13-cv-655-Orl-41DAB

**NORTHEAST FLORIDA HEALTH SERVICES, INC.,**

    **Defendant.**

_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion for Permission to Appeal *in Forma Pauperis* (Doc. 56), filed on September 29, 2014. United States Magistrate Judge David A. Baker recommends that Plaintiff's Motion be denied because Plaintiff's underlying claims were time-barred. (Report & Recommendation, Doc. 57, at 3). Plaintiff Objected to the Report and Recommendation. (Doc. 58). Plaintiff alleges that her appeal is taken in good faith because she seeks to challenge 42 U.S.C. § 2000e-5(f)(1) for failing to "address a method [of] computing time" in relation to Federal Rule of Civil Procedure 6. (*Id.* ¶ 3).

After an independent *de novo* review of the record in this matter, the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation. "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Good faith is demonstrated where an appeal seeks appellate review of any issue not frivolous. Whether an issue is frivolous turns on the existence of a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded."

*Schmitt v. U.S. Office of Pers. Mgmt.*, No. 8:09-cv-943-T-27EAJ, 2009 WL 3417866, at *2 (M.D. Fla. Oct. 19, 2009) (quotations omitted).

Plaintiff does not have a legal basis to challenge § 2000e-5. Case law in the Eleventh Circuit forecloses Plaintiff's arguments. Section 2000e-5 does address the method of computing time. *See Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999) (holding that "notify" is the key word in § 2000e-5 and that the ninety day period begins to run when the aggrieved party is notified of the right to sue). Additionally, the Eleventh Circuit has rejected the argument that Federal Rule of Civil Procedure 6 applies to § 2000e-5 to extend the ninety day limitation. *See Norris v. Fla. Dep't of Health & Rehabilitative Servs.*, 730 F.2d 682, 683 (11th Cir. 1984) (holding that Rule 6 does not add three days to the statutory filing period under § 2000e-5); *Suarez v. Little Havana Activities*, 721 F.2d 338, 340 (11th Cir. 1983) (same). Plaintiff's Complaint was not timely filed, therefore any appeal of this Court's decision, either on procedural or substantive grounds, would be frivolous. Accordingly, the Court will not certify that Plaintiff's appeal is taken in good faith.

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 57) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Pursuant to 28 U.S.C. § 1915(a)(3), the Court hereby **CERTIFIES** that Plaintiff's appeal is not taken in good faith.

3. Plaintiff's Motion for Permission to Appeal *in Forma Pauperis* (Doc. 56) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 12, 2014.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party